PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

**RECEIVED**
JUL 26 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

**FILED**
JUL 26 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE __WESTERN__ DISTRICT OF TEXAS

__AUSTIN__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

| | |
|---|---|
| Mario De Los Santos | Federal Prison Camp |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | P.O. Box 5010 |
| | Oakdale, LA 71463 |
| vs. | #42692177 |
| | PRISONER ID NUMBER |
| | **A18CV0622LY** |
| State of Texas | |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | (Supplied by the District Court Clerk) |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- ☒ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: __391st Judicial Dist. of__

   __Tom Green County, Texas__

2. Date of judgment of conviction: __16th August 2011__

3. Length of sentence: __(30) thirty years in prison__

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: __cause # D-10-0567-SB__

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☒ Jury ¹ˢᵗ ᵗᵃᵍᵉ ☐ Judge Only
   Judge @ sentencing

7. Did you testify at trial?   ☒ Yes   ☐ No
   @punishment

8. Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? 3rd Court of Appeals--
   AUSTIN, TEXAS   Cause Number (if known): 03-15-000647-CR

   What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

   What was the date of that decision? 22nd July 2016

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: The Court of Appeals failed to employ the standard of review recently handed down by the United States Supreme Court & The Court of Appeals failed to review all of the relevant facts in the record.
   Result: Refused

   Date of result: 14th December 2016   Cause Number (if known): PD-1016-16

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: N/A

   Date of result: N/A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: Court of Criminal Appeals

    Nature of proceeding: Writ of Habeas Corpus, Writ of Mandamus

    Cause number (if known): WR-64,858-06/ WR-64,858-05

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: 24 May 2017 (cert.mail #7011 2000 0000 5958 7391)

Grounds raised: (1) The conviction and sentence violates the Applicant's constitutional protection under the 6th USCA for effective assistance of counsel when defense counsel conceded the point of probable cause at the suppression hearing, when in fact probable cause was at issue. Vol.1,p29.

(2) The conviction and sentence violates the Applicant's constitutional protection under the 6th USCA for effective assistance of counsel when defense counsel failed to file motion to recuse Judge Gossett.

Date of final decision: 23 May 2018

What was the decision? Denied without written order

Name of court that issued the final decision: Court of Criminal Appeals

As to any second petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding: N/A

Cause number (if known): N/A

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:
N/A

Grounds raised: N/A

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: N/A

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?  ☒ Yes  ☐ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: USDC Northern Dist. of Texas, LUBBOCK Division

   [case #6:11-cr-00001-C]

   (b) Give the date and length of the sentence to be served in the future: 24th March 2011

   (87) eighty-seven months in Bureau of Prison

-4-

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☒ No

**Parole Revocation:** N/A

13. Date and location of your parole revocation: __N/A__

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No N/A

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:** N/A

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No N/A

16. Are you eligible for release on mandatory supervision? ☐ Yes ☐ No N/A

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: __N/A__

    Disciplinary case number: __N/A__

    What was the nature of the disciplinary charge against you? __N/A__

18. Date you were found guilty of the disciplinary violation: __N/A__

    Did you lose previously earned good-time days? ☐ Yes ☐ No N/A

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: __N/A__

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    __N/A__

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No N/A

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: __N/A__

-5-

Step 2 Result: __N/A__

Date of Result: __N/A__

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** The Texas Court of Criminal Appeals denied Petitioner access to court by withholding the Internal Memorandum Analysis used to determine the disposition of the writ.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   According to the "White Card" issued by the Texas Court of Criminal Appeals in the Petitioner's only collateral attack of the judgment and sentence in this case, the application for writ of habeas corpus was "denied without written order on the findings of the trial court after hearing the application of writ of habeas corpus." However, there is no record of a hearing, no finding of fact, no conclusion of law recorded. The Petitioner is entitled to know where and how (continued)

B. **GROUND TWO:** The conviction and sentence violates Petitioner's constitutional rights where defense counsel was ineffective by conceding the issue of probable cause to conduct a warrantless search prior to in camera viewing of video evidence to the contrary.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   At the Suppression Hearing, defense counsel (J.W. Johnson) conceded on the central issue of whether or not the State Trooper had probable cause on a warrantless search conducted from a pretextural stop (12) twelve minutes after the traffic stop was initiated. During cross-examination of the State Trooper, and prior to showing video evidence of the dash-camera, this exchange took place between the Court and defense counsel. COURT: "All right. Are you conceding that (continued)

GROUND ONE: (continued) the Texas Court of Criminal Appeals determined to deny relief based on a secret finding from a secret hearing. The Petitioner filed a formal request for disclosure of this Internal Memorandum Analysis, (certified mail receipt #7013 2250 0000 9988 9807), addressed to the Chief Justice of the Court, the Honorable Sharon Keller. The request was ignored and no response ever issued. The Administrative Judicial Region has washed their hands of the matter, leaving only a federal court to determine the issue of whether or not this secret information, the Internal Memorandum Analysis, should be part of the permanent post-conviction record, and whether or not this Petitioner has a constitutional right when filing pro se to access this information.

GROUND TWO: (continued)...point? ...Johnson: "yes, sir, I will." (vol.2, p.31)

At this point viewing the video evidence of the traffic stop becomes merely academic. Once the defense counsel conceded the issue of probable cause, he removed the burden of the State to prove it. The video evidence casts serious doubt that the State Trooper actually smelled marijuana, but instead used this as a mere pretext for a warrantless search after finding nearly five thousand dollars in cash in the Petitioner's pocket in a Terry Search. Because no trace of marijuana was ever found despite a thorough search of the vehicle, and because hair follicle analysis revealed that the Petitioner had not ingested nor been in the presence of marijuana smoke, it is more likely than not that the State Trooper had no probable cause to conduct a warrantless search. Nevertheless, by conceding the issue before any of this evidence was introduced removed any possibility for the Petitioner to obtain a favorable ruling from the Court at the Suppression Hearing.   [See R.R. vol. 2, p.36-40; & 59-61]

C. **GROUND THREE:** Petitioner was denied effective assistance of counsel when defense counsel conceded the issue that no Court of Law had the right to set guidelines or review or otherwise regulate law-enforcement to prevent executive branch over-reach from trampling the rights of citizens.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At the Suppression Hearing defense counsel (J.W. Johnson) made no attempt to defend his client when the presiding judge asked this question: "Is it your contention that the trial court is to second guess the officer in the field and establish court ordered guidelines how they are supposed to conduct themselves?" Defense counsel answered: "No, Your Honor." (R.R. Vol.2, p.71)

By this answer, the Petitioner was left defenseless, unable to question the conduct of (continued)

D. **GROUND FOUR:** Petitioner was denied effective assistance of counsel at the Suppression Hearing when defense counsel failed to file a motion to recuse Judge Gossett, as instructed.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner retained J.W. Johnson to defend him in the Suppression Hearing under the condition that he file a motion to recuse Judge Gossett from the case, based on a previous bias. Defense counsel took the Petitioner's retainer fee, but failed to file the motion to recuse. Defense Counsel, J.W. Johnson, has never disputed this agreement and his failure to comply with its terms. Neither has Mr. Johnson offered any reason for the breach that might be interpreted as (continued)

21. Relief sought in this petition: [See Additional Ground Five, attached]

Although this is the only collateral attack against the conviction and sentence in this case, no hearing has been conducted, no finding of fact made on the merits, no conclusion of law issued. The Petitioner is entitled to a review in his first post conviction writ of habeas corpus. The State kept this case for two years without actually doing anything, and has denied relief based on a phantom hearing with a phantom finding. This Petitioner seeks a review on the merits after a live hearing with the examination of witness testimony, or in the alternative an opportunity for Discovery to obtain the Memorandum Analysis used by the State Court to deny relief.

-7-

GROUND THREE: (continued)...the State Trooper who conducted a warrantless search after a prextural traffic stop. A better answer for the defense attorney would have been an opportunity to remind the court of the balance of power, and that the Judiciary was created precisely to check the Executive Branch from over-reach, and protect the constitutional rights of American citizens, of which the Petitioner is one.

Instead the defense counsel sabotaged any chance the Petitioner might have had of obtaining a favorable ruling at the Suppression Hearing. Because the evidence seized in this warrantless search was the case-in-chief for the prosecution, losing relief at the Suppression Hearing fatally crippled the Petitioner's defense at trial.

GROUND FOUR: (continued)...some lame trial court strategy. Laziness and incompetence cannot be translated as trial court strategy any more than taking a nap during a court proceeding.

GROUND FIVE: Petitioner was deprived a fair trial by inpartial and unbiased trier of fact when Judge Gossett failed to recuse himself from the case at the Suppression Hearing after the prior history between him and the Petitioner made biased discrimination likely.

SUPPORTING FACTS: It should be noted that Judge Gossett removed himself from the case after the Suppression Hearing; however, by then the evidence obtained through a warrantless search from a prextural traffic stop was already secured as the prosecution's case-in-chief.

In a prior case between this Petitioner and Judge Gossett (51st Dist. case #A-02-0438-) this judge sented the defendant to twenty years in prison, and then the next day recalled him to the court and sentenced him to an additional seven years in the same case in violation of the double-jeopardy clause. As a result of this judicial impropriety, the Petitioner filed numerous complaints for violations of Judicial Conduct against Judge Gossett.

At the Suppression Hearing judge Gossett got even. His bias against the Petitioner in this case can be summed up from statements made from the bench in the record, as follows:

> The question is "whether or not the Court believes [the officer] is lying."
> But "I am not going to go into" whether the video might contradict the officer's testimony. "That will be a fact issue for the jury to decide." ...Is it your contention that the Trial Court is to second guess the officer in the field and establish Court ordered guidelines how they are supposed to conduct themselve? I am supposed to second guess him? ...I am supposed to tell him, "No, you didn't smell marijuana"? ...I am not going to tell this officer how he is supposed to conduct his traffic stops or searches. [R.R., vol.2, p.37, 72-73, 70(emphasis added)]

Clearly Judge Gossett was not impartial in his assessment of the facts of this case.

7(a)

22. parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No
    If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    _____

    _____

    If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
    ☒ Yes   ☐ No

    If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    In the first ground of this petition the issue is raised that the Texas Court of Criminal Appeals has denied the Petitioner access to courts by withholding the "internal memorandum analysis" in this case. There currently is no legal remedy available under State comity except through petitioning the Presiding Judges of the Administrative Judicial Regions of Texas, which has now already been exhausted in the petitioner's favor, but to no avail. The Texas high court simply ignores all orders to comply with Rule 12. A federal district court is the only remedy left.

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. N/A

    _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: J.W.Johson, attorney at law, San Angelo, Texas (retained)

    (b) At arraignment and plea: (?)

    (c) At trial: Luis Garcia & Ray Gozalez, Corpus Christi, Texas (retained)

    (d) At sentencing: Garcia & Gonzalez (retained)

    (e) On appeal: The Honorable John Bennette, P.O. Box 19144, Amarillo, TX 79114

    (f) In any post-conviction proceeding: pro se

-8-

(g) On appeal from any ruling against you in a post-conviction proceeding: __pro se__

## Timeliness of Petition:

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Although the conviction and sentence was handed down on 8/16/2011, the Petitioner was abandoned by counsel on appeal. Finally, he obtained permission to pursue an out-of-time-appeal in a Per Curiam Opinion by the Texas Court of Criminal Appeals [WR-64,858-02], delivered 9/16/2015. Appeal was perfected and the conviction affirmed. The Petitioner pursued PDR pro se, which was refused on 12/14/2016. The collateral attack application for habeas relief was sent certified mail and received by the Tom Green County District Clerk 5/24/2017. Relief was "denied without written order..." on 5/23/2018. This petition is sent on 7/6/2018.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

   (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

-9-

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

<u>   July 6th, 2018                    </u> (month, day, year).

Executed (signed) on <u>  July 3rd, 2018              </u> (date).

_____
Signature of Petitioner (<u>required</u>)
Mario De Los Santos #42692177

Petitioner's <u>current</u> address: <u>Federal Prison Camp, P.O. Box 5010, Oakdale, LA  71463</u>

---

Attached Exhibits:

White Cards issued by the Texas Court of Criminal Appeals in this case.

United States Postal Service Certified Mail Receipts with contemporaneous notes of each piece of correspondence or filing, including date sent and date received.